## COWART *v.* AYCOCK.

ATKINSON, J. A deed was signed June 15th, 1892, and recorded January 2d, 1893. The grantor died in January, 1910, leaving a widow and minor children. An action was instituted by the widow for herself as next friend for the minor children, as heirs at law of the deceased, against the grantee, to cancel the deed as a cloud upon their title. According to the pleadings and evidence, the grantee did not know of the existence of the deed, nor did the widow until after the death of the grantor, when she discovered it among his private papers. The grantor had remained in possession of the property from the date of the deed until his death, using it as his own, and paying taxes on it. *Held:*

1. Grounds of a motion for new trial which complain of the admission of documentary evidence, but fail to set forth the evidence in form or substance, will not be considered.

2. The judge charged: "If there was no consideration, and it was not intended title should pass, and there was no delivery or acceptance of the deed, why, then, the title would not pass, and you would be authorized under the law to require the deed to be surrendered and to cancel the same. All of these facts and circumstances, gentlemen, are for you." The deed recited a consideration, and there was no evidence to the contrary. Under such circumstances the reference to "consideration"

contained in the charge was not apt, but the expression was used conjunctively with other words, which, when taken together, indicated that delivery of the deed was the fact the existence or non-existence of which would control the jury in rendering their verdict. Viewed in this light the charge was not prejudicial to the plaintiff in error.

(a) It was not error in another portion of the charge to instruct the jury that they would be authorized to find in favor of cancellation of the deed if they should find that it was not delivered or accepted, and was not intended to convey the title to the land.

3. This case differs in its facts from that involved in *Ross* v. *Campbell*, 73 *Ga.* 309; but under the principles therein discussed the evidence was sufficient to support the verdict.

4. The judge did not abuse his discretion in refusing the grant of a new trial.

  *Judgment affirmed. Beck, J., absent. The other Justices concur.*
       FEBRUARY 12, 1913.

Equitable petition. Before Judge Sheppard. Bryan superior court. January 23, 1912.

*J. H. Smith* and *R. F. C. Smith,* for plaintiff in error.

*J. F. Brannen, W. F. Slater,* and *Hines & Jordan,* contra.